Per Curiam.

The primary contention of petitioner is that the Pardon and Parole Commission had the power to grant him a parole in 1958, and that the effect of such parole was to terminate his 1946 and 1950 sentences, so that he is now serving only his 1957 sentences for armed robbery.
*516 Assuming, but not deciding, that petitioner’s contention is correct, by his own admission in relation to this issue he is now properly incarcerated under his 1957 sentence and, therefore, is not entitled to release by habeas corpus.
Next, petitioner urges that he was deprived of his constitutional rights because he was not furnished counsel prior to arraignment on any of his four indictments. He admits that counsel was appointed in each case after arraignment. In support of this argument, petitioner urges that certain rights are lost if not urged at arraignment, and that the very order in which the statutes appear in the Code requires that counsel be appointed prior to arraignment. This question was considered extensively in Dean v. Maomell, Warden, 174 Ohio St., 193, in which case we held that failure to appoint counsel prior to arraignment deprived an accused of none of his constitutional rights.
Finally, petitioner attacks his 1957 convictions for armed robbery, on the basis that he was denied a speedy trial thereon. The indictments for these crimes were returned in September 1955. Although he contends that other people were trying to procure a trial for him on these indictments after they were returned, he himself made no overt move until May 1957, at which time he wrote the prosecuting attorney, demanding trial. He was removed from the penitentiary in August for this purpose and entered a plea of guilty in October. Such facts do not indicate a denial of a speedy trial. Although one imprisoned in the penitentiary is entitled to a speedy trial on other in, dictments pending against him, such right must be demanded, it is not self-executing. State v. Cunningham, 171 Ohio St., 54; Crider v. Maxwell, Warden, 174 Ohio St., 190; and Partsch v. Haskins, Supt., 175 Ohio St., 139. Petitioner was afforded a trial when he demanded it. Furthermore, he waived any right to rely on it as a basis for his present release, by entering a plea of guilty and not raising the question at his trial. Partsch v. Haskins, Supt., supra.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.
Matthias, J., not participating.